UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UBS FINANCIAL SERVICES INC., et al.,<br><br>  Petitioners,<br><br>v.<br><br>BRUCE D. SMITH,<br><br>  Respondent. | CIVIL ACTION NO.:<br>1:22-CV-03410-JPB |

## ORDER

This matter is before the Court on UBS Financial Services Inc. and UBS Credit Corp.'s (collectively, "Petitioners") Motion for Sanctions [Doc. 21]. This Court finds as follows:

## BACKGROUND

Petitioners initiated this action by filing a Petition to Confirm Arbitration Award against Bruce D. Smith ("Respondent") on August 24, 2022. [Doc. 1]. Petitioners served Respondent on February 9, 2023, and Respondent's answer was due on March 2, 2023. [Doc. 5]. On March 28, 2023, after Respondent failed to answer or otherwise contest the proceedings, the Court granted the Petition to Confirm Arbitration Award and directed the clerk to enter judgment in favor of Petitioners and against Respondent in the amount of $2,294,045.66. [Doc. 6].

Only two days later, on March 30, 2023, Respondent filed a Motion to Dismiss Petition to Confirm Arbitration Award. [Doc. 10]. In the motion, Respondent argued that dismissal was required because he had not been personally served. Instead of being personally served, Respondent asserted that the process server handed papers to Blake Miaoulis, a visiting acquaintance to his home, while Respondent was at the grocery store. According to Respondent, the process server did this despite being told that Miaoulis was not Respondent and that Miaoulis was not authorized to accept service of process on Respondent's behalf. To support the motion, Respondent attached sworn affidavits from both himself and Miaoulis confirming this account. Importantly, in Respondent's affidavit, he swore that he had "never been served, personally or otherwise, by" Petitioners. [Doc. 10-2, p. 3].

On April 7, 2023, Respondent filed a Motion to Set Aside Judgment Confirming Arbitration Award. [Doc. 13]. In that motion, Respondent again argued that he had not been personally served. Ultimately, Respondent argued that "Petitioners' attempt at serving [Respondent] through his friend did not comport with the Federal Rules and is plainly defective." Id. at 4.

Petitioners filed responses in opposition to both motions. [Doc. 14]; [Doc. 15]. Significantly, Petitioners provided video evidence showing that Respondent had been served and was not at the grocery store as Respondent claimed. This

video was verified through a declaration from the process server.  Petitioners also provided a declaration from one of its counsel who stated that the individual depicted in the video being served was Respondent.

Respondent did not file a reply or otherwise challenge the declarations of the process server or Petitioners' counsel.  Instead, Respondent withdrew both motions.  [Doc. 18].  The Notice of Withdrawal stated the following:  "It appearing to counsel . . . that certain inaccuracies or mistakes of fact exist in the record, of which counsel were unaware at the time the motions were filed, counsel hereby withdraws [the pending motions] at this time."  Id. at 1.

On May 24, 2023, Petitioners filed the instant Motion for Sanctions.  [Doc. 21].  In the motion, Petitioners assert that Respondent acted in bad faith and seek to recover their attorney's fees in the amount of $18,338 for responding to the motions and additional costs of $1,475 for having a process server renew efforts to serve Respondent in light of Respondent's contention that he was not personally served.  The motion is now ripe for review.

## ANALYSIS

"Courts have the inherent power to police those appearing before them."  Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017).  Under this inherent authority, which should be exercised with restraint and

discretion, parties who have acted in bad faith, vexatiously, wantonly or for oppressive reasons may be sanctioned. Chambers v. NASCO, 501 U.S. 32, 45-46 (1991). Ultimately, "[t]he key to unlocking a court's inherent power [to sanction] is a finding of bad faith." Peer v. Lewis, 606 F.3d 1306, 1316 (11th Cir. 2010).

In this case, Respondent asserts that sanctions are not appropriate because he did not act in bad faith. In the response brief, which was not supported by any affidavits or other evidence, Respondent suggests that he was merely confused as to whether he was served. In Respondent's view, confusion cannot result in a finding of bad faith.

The Court is not convinced that Respondent was confused as to whether he was served. Indeed, in filing both the Motion to Dismiss and the Motion to Set Aside Judgment, Respondent submitted two detailed affidavits from himself and Miaoulis regarding the events of February 9, 2023. Specifically, Respondent averred, under oath, that Miaoulis was visiting him on February 9, 2023, as a social guest. Respondent further asserted that at an unspecified time that evening, he went to the grocery store, and while he was at the grocery store, the process server attempted to serve him through Miaoulis, who was still at his residence. Miaoulis submitted a similar affidavit, also under oath, where he averred that on February 9, 2023, Respondent left his home to go to the grocery store. Miaoulis further

asserted that while Respondent was at the grocery store, he was approached by the process server. According to Miaoulis, he told the process server that he was not Respondent and would not accept service on his behalf.

Given the detail provided in these coordinated affidavits, the Court rejects any assertion that the submission of these affidavits was the result of mere confusion regarding dates and whether Respondent had been properly served. Indeed, Respondent provides no explanation as to how or why there was any possible confusion on his behalf. Nor is there any discussion or suggestion as to how Miaoulis was similarly confused. Tellingly, Respondent did not include a new affidavit in his response providing any plausible explanation as to how he was confused, how Miaoulis was confused or how they were confused together when they submitted their affidavits.

Based upon this record, the Court cannot find that Respondent's conduct in submitting these affidavits and two separate motions challenging the sufficiency of service was the result of "mere confusion." Instead, this Court finds that Respondent's actions demonstrate bad faith in an attempt to avoid a valid judgment. Because Respondent acted in bad faith, sanctions are appropriate in this case.

As a sanction for Respondent's bad faith, Petitioners seek an award of attorney's fees and costs. A party seeking an award of attorney's fees bears the burden of documenting the appropriate hours and hourly rate. Coastal Fuels Mktg., Inc. v. Fla. Exp. Shipping Co., 207 F.3d 1247, 1252 (11th Cir. 2000). Courts in the Eleventh Circuit employ the federal "lodestar" approach to set reasonable fee awards. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Under the lodestar approach, courts properly calculate an initial estimate of reasonable attorney's fees "by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984) (citation omitted). The "lodestar" may then "be adjusted for the results obtained." Loranger, 10 F.3d at 781.

Although sanctions are appropriate in this case, the Court cannot determine the appropriate amount of attorney's fees to award at this time because Petitioners did not provide the Court with records which show the hours billed or the hourly rates of the attorneys working on the case. Within fourteen days of the date of this order, Petitioners shall file detailed billing records or an itemization of the requested award and affidavits which support the attorney's hourly rate.

Respondent shall have seven days to respond to the reasonableness of Petitioners' fee request.[1]

As to costs, Petitioners seek $1,475 for having a process server renew efforts to serve Respondent in light of Respondent's allegations that he was not properly served. These costs are supported by the record and will therefore be awarded.

## CONCLUSION

For the foregoing reasons, Petitioners' Motion for Sanctions [Doc. 21] is **GRANTED**. As to the attorney's fees, the amount of the sanction will be determined upon receiving the fee documentation from Petitioners. As to the costs, Petitioners are awarded $1,475.

**SO ORDERED** this 27th day of October, 2023.

J. P. BOULEE
United States District Judge

---

[1] The response is limited to the reasonableness of the fee request and shall not include arguments that sanctions are inappropriate in this case.